IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| QIXIN SUN, M.D., | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:17-cv-1039 |
| | : | |
| v. | : | JUDGE SMITH |
| | : | |
| DAVID SHULKIN, | : | MAGISTRATE JUDGE JOLSON |
| SECRETARY FOR THE UNITED | : | |
| STATES DEPARTMENT OF | : | |
| VETERANS AFFAIRS, | : | |
| | : | |
| Defendant. | : | |

## AGREED PROTECTIVE ORDER

The United States Department of Veterans Affairs intends to disclose to Plaintiff Qixin Sun, M.D., records about VA patients who are not parties to this case. These records are protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936. The VA is hereby AUTHORIZED AND ORDERED under 5 U.S.C.

§ 552a(b)(11), 45 C.F.R. § 164.512(e), and Federal Rules of Civil Procedure 5.2(e)(1) and 26(c), to disclose such records to Plaintiff Sun without obtaining the prior written consent of the individuals to whom the records pertain.

The production of the records described above is subject to the following conditions:

1. The records will be disclosed to Plaintiff Sun with the patient's name, date of birth, and first five digits of the social security number redacted. Additionally, phone numbers, physical addresses, and email addresses for patients will be redacted. The foregoing information will also be redacted for patient relatives. Personally identifiable information beyond the above specific redactions is authorized to be produced.

2. Plaintiff Sun shall use the documents produced for only the limited purpose of litigating this action. Plaintiff Sun may disclose the documents only to expert witnesses, attorneys or their staff (if he retains an attorney for this litigation), court reporters for depositions, mediators or their staff for settlement purposes, or Court personnel. Any persons to whom the documents, or information contained in the documents, are disclosed shall be given a copy of this Order and advised of its terms.

3. The production of records under this Order is not a waiver of either party's right to claim that the documents or information contained in the documents are inadmissible at trial.

4. Records containing the redactions in Paragraph 1 are authorized to be filed with the Court, without being filed under seal. If the parties seek to file any records under seal in this case, leave of Court must be sought under S.D. Ohio Civ. R. 5.2.1(a) and will be granted only upon a showing of good cause.

5. Within 60 days after the conclusion of this litigation, to include any appeal, Plaintiff Sun will return all documents produced in discovery to him in this action, including any duplication or copy, to the undersigned counsel for the United States Department of Veterans Affairs. Alternatively, Plaintiff Sun may certify in writing to the undersigned counsel that he has destroyed all the documents the VA produced to him in this action.

6. The Court will consider any allegations of abuse or violation of this Order. If an allegation of abuse or violation of this Order is found, the Court may take disciplinary action against the appropriate parties.

7. This Order is subject to modification by the Court upon application of either party.

IT IS SO ORDERED.

Date: July 25, 2018                                  /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE


Agreed to by:

BENJAMIN C. GLASSMAN
United States Attorney

s/John J. Stark                                      s/Qixin Sun (email consent 7/24/18)
JOHN J. STARK (0076231)                              Qixin Sun, M.D. (Pro Se)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Office: (614) 469-5715
Fax: (614) 469-5240
E-mail: john.stark@usdoj.gov